UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POPULAR LEASING USA, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Case No. 4:04CV01629 AGF |
| | ) |
| NATIONAL RESTORATION SYSTEMS, INC., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to strike Defendant's demand for a jury.[1] For the reasons set forth below, this motion shall be granted.

Plaintiff Popular Leasing USA, Inc., is a Missouri corporation in the business of financing equipment lease transactions. Defendant National Restoration Systems, Inc., (NRS) is an Illinois corporation in the business of concrete restoration and repair. On May 27, 2003, NorVergence, a New Jersey corporation in the business of leasing telecommunications equipment, contacted NRS, and on June 12, 2003, NRS president Ronald Reagan signed two equipment rental agreements with NorVergence.

The two-page agreements included the following provision: "You [NRS] hereby waive right to a jury trial in any lawsuit relating to this rental." This sentence appears on the right side of the two-column second page of the agreement which contains all the

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

terms of the agreement in six-point font, as the last line of a 226-word paragraph that is styled "APPLICABLE LAW." Immediately before this sentence is the provision that all legal actions arising from the agreement would be exclusively venued in the courts of the state of NorVergence's or its assignee's residence.

On July 8, 2003, NRS Vice President Ralph Brown signed a Delivery and Acceptance Certificate for the equipment, which provided, "I have reviewed and understand all the terms and conditions of the Equipment Rental Agreement. . . . I was not induced to sign this by any assurances of the Rentor or anyone else." NorVergence thereafter assigned the rental agreements to Plaintiff, and on October 14, 2004, Plaintiff brought this action in Missouri state court against NRS for breach of the agreements, claiming that NRS was approximately $78,000 in default. NRS removed the action to this Court based on diversity jurisdiction.

Following removal, NRS filed an answer to the complaint, as well as a counterclaim for breach of contract, alleging that the equipment purchased from NorVergence, which is now in bankruptcy, was useless, and that Plaintiff was NorVergence's "putative assignee of NorVergence's breached contract." NRS demanded a jury trial on Plaintiff's claim and on its own counterclaim.

Plaintiff now moves to strike NRS's demand for a jury trial, based upon the written contractual waiver of that right. NRC argues that its waiver of the right to a jury trial was not knowing or voluntary because (1) the waiver clause was inconspicuous and buried in the agreement; (2) there was a disparity in bargaining power between NRS and NorVergence and NorVergence used high-pressure sales tactics, as indicated in Mr.

Reagan's affidavit, which describes the contract negotiations and states that NRS is a small business; (3) NRS was not represented by counsel during contract negotiations with NorVergence; (4) the rental agreements were boilerplate forms drafted by NorVergence, giving NRS no opportunity to negotiate the terms; and (5) the jury waiver is one-sided, with only NSR waiving its rights.

The right to a jury trial in the federal courts is governed by federal law; thus, even in a diversity action, the enforcement of a jury waiver is a question of federal, not state law. Medical Air Tech. Corp. v. Marwan Inv., Inc., 303 F.3d 11, 18 (1st Cir. 2002); Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988). Under federal law, the right to a jury trial may be waived by contract, provided the waiver is knowingly and voluntarily made. Telum, 859 F.2d at 837; Leasing Service Corp. v. Crane, 804 F.2d 828, 833 (4th Cir. 1986).

There is some disagreement among the circuits as to which party bears the burden to prove that a waiver was voluntary and informed. Compare Leasing Service Corp., 804 F.2d at 833 (agreeing with those courts that have held that the party seeking enforcement of the waiver must prove that it was voluntary and informed), with K.M.C. Co. v. Irving Trust Co., 757 F.2d 752, 758 (6th Cir. 1985) (burden is on party seeking to avoid waiver to show not voluntary and knowing); see also Medical Air Tech. Corp., 303 F.3d at 18 n.3 (recognizing split of authority but finding it unnecessary to resolve the issue because the waiver in question was valid even placing the burden upon the party seeking its enforcement).

The present case was previously before this Court on NRS's motion to dismiss

3

the complaint for lack of personal jurisdiction or for improper venue. The Court denied the motion, rejecting NRS's argument that the forum selection clause was not enforceable because, among other things, the rental agreements were form agreements, giving NRS no opportunity to negotiate the terms.

Recently, another court in this district held under very similar circumstances that a jury waiver clause identical to the one at issue here in a NorVergence equipment rental agreement was valid. See Popular Leasing USA, Inc. v. Austin Auto. Warehouse Corp., 2005 WL 1998088 (E.D. Mo. July 27, 2005). The defendant in that case also argued that the clause was buried, and that there was a disparity in the bargaining power between the defendant and NorVergence. That defendant additionally asserted that the person who signed the contract on its behalf never read the contract.

The court there found these arguments unpersuasive, noting that the chief information officer for the defendant had signed the agreement, indicating some sophistication of the defendant's business. The court also noted that the jury waiver provision was printed in the same size as the other terms of the agreement and was not buried in the middle of a paragraph. Rather, it was at the end of a paragraph followed by a blank line before the next paragraph. Id. at *2.

The Court here concludes that this reasoning is correct and equally applicable to the facts of the present case. The agreement is only two pages long and is written in simple language. The president of NRS signed the agreements containing the jury waiver provision, and the vice president acknowledged in writing that he had read at least one of

the agreements and understood its terms. Mr. Reagan's affidavit[2] indicates that during the relevant time period, NRS had 85 employees and was involved in over 40 projects in several states. This does not suggest a manifest disparity in bargaining power between NSR and NorVergence. NRS has not submitted any new evidence of bargaining disparity since this Court rejected the argument in ruling on NRS's motion to dismiss for lack of personal jurisdiction or improper venue. Moreover, according to NRS's president, the NorVergence representatives met with NRS representatives several times before the agreements were signed. In sum, the Court concludes that even placing the burden of proof on Plaintiff, NRS knowingly and voluntarily waived its right to a jury trial on both the claim and counterclaim in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendant's demand for a jury trial is **GRANTED**. [Doc. #28]

Dated this 23rd day of August, 2005.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

---

[2] This affidavit was initially filed in support of NRS's motion to dismiss the complaint for lack of personal jurisdiction or for improper venue and was resubmitted with NRS's opposition brief on the present issue.